UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 13-179S |
| | : | |
| GBABIA KOLLIE | : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

Defendant Gbabia Kollie has challenged the indictment returned against him on December 11, 2013, charging arson of a building in Providence, Rhode Island, "which building was used in and affecting interstate commerce . . . ." ECF No. 8. Relying on Jones v. United States, 529 U.S. 848 (2000), he contends that the indictment omits the essential element of interstate commerce and that there was no commercial or business activity conducted at the building so the evidence is insufficient to establish the critical nexus to interstate commerce; accordingly, the indictment must be dismissed because it fails to establish federal subject matter jurisdiction. He also argues that the indictment should be dismissed because the handwritten date below the signatures has a "10" for the month, instead of a "12," the correct month. Because the handwritten date ("10-11-13") is prior to the fire on which indictment is based, Defendant contends that it demonstrates serious prosecutorial misconduct justifying dismissal of the indictment with prejudice.

Defendant's "*Ex Parte* Motion to Dismiss Indictment with Prejudice" has been referred to me for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

I.  **Background**

Defendant was originally charged with conspiracy to commit and committing arson in a criminal complaint filed on December 4, 2013.  The criminal complaint characterized the targeted building as a "multi-family rental property."  ECF No. 3 ¶ 3.  On December 11, 2013, in open court, the grand jury returned an indictment against Defendant for the same offense.  ECF No. 8.  In relevant part, the indictment charged the following conduct: "maliciously damage and destroy by means of fire . . . the building at . . . Providence, Rhode Island, which building was used in and affecting interstate commerce . . . ."  Id.  The underlying arson was charged as a violation of 18 U.S.C. § 844(i) and the conspiracy as a violation of 18 U.S.C. § 844(n).

Based on the criminal complaint, an arrest warrant issued on December 4, 2013, as a result of which Defendant was arrested in the Northern District of Georgia and transferred to this District pursuant to Fed. R. Crim. P. 5.  Meanwhile, on December 23, 2013, Defendant signed the instant *pro se* motion to dismiss; it was filed in the District of Rhode Island on January 8, 2014.  At his arraignment held on January 13, 2014, counsel was appointed to represent him and Defendant pled not guilty to both counts of the indictment, subject to his pending motion to dismiss.  Although the motion had been filed *pro se*, at the hearing on the motion on January 28, 2014, Defendant's counsel presented the argument on his behalf.  At the close of argument, I informed the parties that I would recommend that the motion be denied.  This report and recommendation lays out the reasons.

II.  **Law and Analysis**

    a.  **Sufficiency of Indictment and Evidence of the Interstate Commerce Element**

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense

charged . . . ." Fed. R. Crim. P. 7(c)(1).  "Viewed in its entirety, an indictment is sufficient if it describes all of the elements of the charged offense using the words of the relevant criminal statute." United States v. Wells, 766 F.2d 12, 22 (1st Cir. 1985); see also United States v. Troy, 618 F.3d 27, 34 (1st Cir. 2010).  "[A]n indictment that charges a legal term of art sufficiently charges the component parts of that term." United States v. Burgos, 254 F.3d 8, 11 (1st Cir. 2001) (alteration in original).

  To prove a violation of 18 U.S.C. § 844(i), the government must establish that the defendant: (1) maliciously damaged or destroyed, or attempted to damage or destroy, (2) by fire or an explosive, (3) a building or personal property used in interstate commerce or in any activity affecting interstate commerce.  United States v. Ruiz, 105 F.3d 1492, 1499 (1st Cir. 1997).  The indictment in this case crisply satisfies the third element by alleging in both Counts that the target building "was used in and affecting interstate commerce, in violation of 18 U.S.C. § 844(i)," which precisely tracks the statutory language.  ECF No. 8.  Defendant's contention – "[n]owhere in the charging document ("Indictment") are there any allegations of the necessary statutory Element of 'Interstate Commercial' activity, necessary to sustain federal statutory subject-matter jurisdiction" – is simply wrong.  ECF No. 14 at 2 (emphasis in original).  On its face, this indictment is legally sufficient.

  With a legally-sufficient indictment, at this phase of the case, this Court should not inquire into the sufficiency of the evidence that was placed before the indicting grand jury.  The grand jury is a preliminary phase of the criminal justice process and all constitutional protections are afforded during the trial.  United States v. Capozzi, 486 F.3d 711, 726 (1st Cir. 2007).  "It is well settled that [a]n indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits." Id. (internal quotation

marks omitted). A motion to dismiss an indictment is not an appropriate means to test the sufficiency of the evidence supporting an indictment. United States v. Guerrier, 669 F.3d 1, 3-4 (1st Cir. 2011) (rejecting motion to dismiss based on adequacy of evidence of interstate commerce). At a later phase of this case, "[t]he statute requires the government to prove, *inter alia*, that the property involved in the arson was 'used in interstate or foreign commerce or in an activity affecting interstate or foreign commerce.' If that element is not satisfied then [the defendant] is not guilty; but the court is not by the failure of proof on that element deprived of judicial jurisdiction." Awon v. United States, 308 F.3d 133, 142 (1st Cir. 2002) (citing United States v. DiSanto, 86 F.3d 1238, 1246 (1st Cir. 1996)).

Defendant's argument that Jones v. United States, 529 U.S. 848 (2000), alters these principles is wide of the mark. Jones merely resolved the narrow question whether an owner-occupied residence with no commercial use is in interstate commerce for purposes of § 844(i); Jones holds that it is not. Id. at 854. At the same time, Jones reaffirmed a prior holding that § 844(i) does apply to a building "used as rental property." Id. at 853 (citing Russell v. United States, 471 U.S. 858 (1985)). Since Jones, this Circuit has specifically held that a building whose owner lived in one unit, while four others were rented, is "sufficiently connected to interstate commerce for purposes of § 844(i)." United States v. Guzman, 603 F.3d 99, 109 (1st Cir. 2010). Indeed, "[t]he rule in this circuit is 'that rental property is per se sufficiently connected to interstate commerce to confer federal jurisdiction under Section 844(i).'" Id. (citing DiSanto, 86 F.3d at 1248).

Whether the target property was at least partially rental property and therefore used in interstate commerce is a question to be determined at trial. This indictment properly alleges the element of interstate commerce.

      **b. Prosecutorial Misconduct**

Defendant alleges that "[t]he 'Indictment's' body at page '2' shows the Indictment was returned on '10-11-13,' twenty-two (22) days <u>BEFORE</u> the alleged incident." ECF No. 14 at 2-3.  He argues that this demonstrates that the indictment was returned prior to the commission of the crime and that such a pre-crime accusation amounts to "[c]lear prosecutorial misconduct, that violates the fundamental principles of Due Process of Law . . . ." <u>Id.</u> at 3.  This argument is unavailing.  The Court takes judicial notice of its own file, which establishes that the indictment was returned in open court on December 11, 2013.  <u>In re Papatones</u>, 143 F.3d 623, 624 n.3 (1st Cir. 1998).  The scrivener's error in the hand-written date is of no consequence – indeed, it is so minor as not to require correction because the actual date is clear from the date applied by the ECF filing system as a header on the indictment.  "The sufficiency of an indictment [should] be determined on the basis of practical rather than technical consideration . . . [H]air splitting is to be eschewed."  <u>United States v. Medina-Garcia</u>, 918 F.2d 4, 8 (1st Cir. 1990) (alterations in original); <u>see</u> <u>Hobby v. United States</u>, 468 U.S. 339, 345 (1984) (absence of foreman's signature is mere technical irregularity that is not necessarily fatal to indictment); <u>United States v. Van West</u>, 455 F.2d 958, 959 (1st Cir. 1972) (citation to wrong statute in indictment's caption technical error not requiring reversal of conviction); Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

**III.**    <u>**Conclusion**</u>

The indictment properly alleges that the building targeted by the alleged arson was used in interstate commerce; therefore, it is legally sufficient to invoke federal subject matter jurisdiction pursuant to 18 U.S.C. § 844(i).  Further, trial is the time to test the sufficiency of the government's evidence that the building had rental units and was used in interstate commerce.

This Court should not conduct a factual inquiry in response to a motion to dismiss the indictment. Finally, the scrivener's error in the handwritten date is a minor defect that does not affect substantive rights and should be disregarded. Accordingly, I recommend that the motion to dismiss be denied.

Any objection to this Report and Recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Crim. P. 59(b); DRI LR Cr 57.2(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
February 4, 2014